UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-01691-JMS-MG |
| ERH SERVICES, LLC, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

In this action, Plaintiffs Indiana State Council of Carpenters Pension Fund; Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Fund; Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund; and Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund (collectively, the "Trust Funds"); and Indiana/Kentucky/Ohio Regional Council of Carpenters (the "Union") allege that Defendant ERH Services, LLC ("ERH Services") failed to remit contributions and wage deductions required pursuant to a collective bargaining agreement, in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* ("LMRA").

On November 27, 2023, the Clerk entered a default against Defendant ERH Services, LLC.[1] Currently pending before the Court, on a referral from the Honorable Jane Magnus-Stinson, is Plaintiffs' Motion for Default Judgment as to ERH Services, LLC, [Filing No. 57], filed pursuant to Federal Rule of Civil Procedure 55(b), seeking damages for delinquent contributions, wage

[1] Default was also entered against Defendant Evan Horner on November 27, 2023. Plaintiffs voluntarily dismissed their claims against Mr. Horner on May 8, 2026.

deductions, liquidated damages, interest, audit fees, and attorney fees and costs. On September 24, 2026, the Court held an in-person hearing on damages. Having considered the evidence and argument presented at the hearing, as well as the parties' written submissions and applicable case law, the Court **RECOMMENDS** that Plaintiffs' Motion for Default Judgment be **GRANTED** and damages awarded as detailed below.

## I. Background

The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements"). [Filing No. 10 ¶ 6.] The Union is a labor organization who acts as the bargaining representative of ERH Services' bargaining unit employees. [Filing No. 10 ¶ 8].

ERH Services, an Indiana limited liability company, agreed to be bound through a Memorandum of Agreement ("MOA") to the collective bargaining agreement ("CBA") entered into between the Michiana Builders Association, Inc. and the Union. [Filing No. 10 ¶¶ 10, 13.] Through the CBA, ERH Services agreed to be bound by the Trust Agreements. [Filing No. 10 ¶ 14.] Under the CBA and Trust Agreements, ERH Services is required to make monthly reports of the number of hours worked by its covered employees and pay contributions to the Trust Funds for each hour that an employee performs any work within the trade and territorial jurisdiction of the Union at the negotiated rate set forth in the CBA. [Filing No. 10 ¶ 16.]

Pursuant to the power granted to them by the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections/Audit Policy") which governs the collection of delinquent employer contributions and the performance of payroll compliance audits. [Filing No. 10 ¶ 15.] ERH Services is required under the CBA, Trust Agreements, and Collections/Audit Policy to furnish the Trustees, upon request, with information that Plaintiffs'

auditor may require to determine the accuracy of the contributions remitted by the company. [Filing No. 10 ¶ 27.] Under Section 502(g)(2) of ERISA, the Trust Agreements, and the Collections/Audit Policy, employers who fail to submit their monthly remittance reports, contributions to the Trust Funds, and wage deductions to the Union are responsible for the payment of liquidated damages and interest, as well as attorney fees and costs association with the collection of the delinquent contributions. [Filing No. 10 ¶ 17.]

Plaintiffs filed their complaint on September 21, 2023, which they amended the following day, on September 22, 2023. [Filing Nos. 1, 10.] The amended complaint alleges that, beginning in February 2022 and continuing to the present, ERH Services failed to submit its monthly remittance reports and to pay contributions and wage deductions as it is contractually obligated to do, despite the Trust Funds' requests. [Filing No. 10 ¶¶ 19, 22.] Due to these failures, the Trust Funds sought to audit ERH Services as permitted under the CBA, Trust Agreements, and Collections/Audit Policy. Plaintiffs' auditors, L.M. Henderson & Company (the "Auditors") requested information from ERH Services to complete the payroll compliance audit, but ERH Services failed to comply with the Auditors' requests to provide the necessary documentation and to schedule the audit. [Filing No. 10 ¶¶ 28–31.] The amended complaint alleges that ERH Services is obligated to pay whatever contribution and wage deduction deficiencies are revealed by the payroll compliance audit, along with liquidated damages, interest, audit fees, and attorney fees and costs. [Filing No. 10 ¶¶ 17, 32, 35.]

On November 27, 2023, the Clerk entered default against ERH Services for failure to file an answer or other responsive pleading. [Filing No. 14.] On December 20, 2023, Plaintiffs moved for an audit, which motion the Court granted on January 5, 2024. [Filing Nos. 15, 16.] On June 9, 2025, the litigation was stayed for several months while the audit was performed. [Filing No. 41.]

Plaintiffs filed the instant motion for default judgment on May 8, 2026, seeking an award totaling $49,622.67 for unpaid contributions, liquidated damages, interest, and audit fees from January 1, 2022 through March 31, 2025 (the audited period), plus reasonable attorney fees and costs to be determined later. [Filing No. 57.] On June 5, 2026, Plaintiffs' motion for default judgment was referred to the undersigned judge to conduct any necessary hearings and issue a report and recommendation regarding its proper disposition. [Filing No. 64.]

**II. Legal Standard**

Federal Rule of Civil Procedure 55 contemplates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Because default has been entered against ERH Services, "the well-pleaded allegations of [the] complaint relating to liability are taken as true," *VLM Food Trading Int'l*, 811 F.3d at 255, and ERH Services is deemed to have admitted those facts. The entry of default does not determine the rights of the parties, however—that is the role of the default judgment. *Id.* Before entering a default judgment, the Court "has the responsibility to determine whether such facts state plausible and legally-cognizable claims." *Ballard v. RCM Const., Inc.*, 2015 WL 4392955, at *2 (S.D. Ind. June 26, 2015), *report and recommendation adopted*, 2015 WL 4393522. "A default judgment establishes, as a matter of law, that defendants are liable to the plaintiff on each cause of action

alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)).

By contrast, a plaintiff's allegations respecting the amount of damages suffered are not taken as true. *Wehrs*, 688 F.3d at 892. Rather, "[t]he district court must … conduct an inquiry … to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2016). A default judgment can be granted only as to what is alleged and demanded in the complaint. *Delta Faucet Co. v. Watkins*, 2023 WL 8527092, at *1 (S.D. Ind. Dec. 8, 2023) (citing Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.")). Similarly, the Court will only grant relief that is requested in the motion for default judgment. *Id.* (citing *GS Holistic LLC v. MKE Vapor, Inc. d/b/a MKE Vape*, 2023 WL 8238953, at *5 n.6 (E.D. Wis. Nov. 28, 2023)).

## III. Discussion

### A. Liability

Section 515 of ERISA mandates that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145. The well-pleaded allegations in Plaintiffs' amended complaint establish that the Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. Section 1002(37), that ERH Services is an "employer" within the meaning of Section 3(5), 29 U.S.C. Section 1002(5), and that the Trust Funds are authorized under Sections 502(a)(3) and 515 of

ERISA to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions. 29 U.S.C. §§ 1132, 1145.

The amended complaint establishes that ERH Services is bound by labor agreements requiring it to make monthly remittance reports and to pay contributions to the Trust Funds for each hour that an employee performs any work within the trade and territorial jurisdiction of the Union at the negotiated rate set forth in the CBA, and that ERH Services failed to do so. [Filing No. 10 ¶¶ 16, 22.] Since Plaintiffs allege that ERH Services failed to make contributions to the Trust Funds in violation of the applicable CBA, this Court recommends that a default judgment be entered against ERH Services in favor of the Trust Funds for violations of ERISA.

Plaintiffs also seek to collect deficiencies under the LMRA on behalf of the Trust Funds and the Union. The LMRA provides a federal cause of action for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a). The amended complaint establishes that ERH Services is bound by the CBA and Trust Agreements to make monthly remittance reports and to make contributions to the Trust Funds and wage reductions to the Union for each hour that an employee performs any work within the trade and territorial jurisdiction of the Union, and that ERH Services failed to do so. [Filing No. 10 ¶¶ 16, 22.] The amended complaint further establishes that Plaintiffs are entitled under the CBA, Trust Agreements, and Collections/Audit Policy to conduct an audit of the payroll books and records of ERH Services, that ERH Services was contractually obligated to comply with such audit by furnishing the auditors the information required to determine the accuracy of its remitted contributions, and that ERH Services failed to cooperate in a timely manner. [Filing No. 10 ¶¶ 15, 27, 30.]

By alleging that ERH Services failed to remit required contributions and wage reductions, and to comply with its other contractual duties related to the payroll compliance audit as required by the CBA, Trust Agreements, and Collections/Audit Policy, Plaintiffs have sufficiently stated a violation of the LMRA. Accordingly, the Court recommends that a default judgment be entered against ERH Services in favor of Plaintiffs for violations of the LMRA.

**B. Damages**

Plaintiffs seek to recover delinquent contributions, liquidated damages, interest, and audit fees. Specifically, Plaintiffs have requested a total award of $49,622.67 in damages, which includes $36,030.43 in contributions, $3,603.04 in liquidated damages, $7,489.20 in interest, and $2,500.00 in audit fees, for the audited period of January 1, 2022, through March 31, 2025. Plaintiffs also seek leave to petition the Court for their attorney fees and costs.

Under ERISA and the LMRA, Plaintiffs are entitled to recover delinquent contributions owed to the Trust Funds and the Union. *See* 29 U.S.C. §§ 1132(g)(2)(A), 185(a). In support of their demand for damages, Plaintiffs submitted an auditor's report (the "Audit Report"), which concluded that ERH Services failed to report and pay contributions that it was required to make under the CBA based on work performed by Taylor Urban, a ERH Services employee, and three subcontractors, Casey Binder, Tracy Hatcher, and Jason Smith. [Filing No. 57-3, Exh. A.]

At the damages hearing, the parties stipulated that Mr. Urban is an employee of ERH Services who is also a member of the Union, and thus, that ERH Services owes contributions to Plaintiffs for the hours of covered work that he performed as calculated by the Audit Report. Having examined the Audit Report and the applicable rate for each Trust Fund, the Court finds that Plaintiffs correctly calculated $19,430.76 in unpaid contributions for Mr. Urban. [Filing No. 57-3, Exh. A at 2.]

ERH Services argues that it is not responsible for contributions for the hours of work performed by the remaining three individuals identified in the Audit Report, because the CBA requires contributions only on behalf of Union members, and the parties have stipulated that Casey Binder, Tracy Hatcher, and Jason Smith are not members of the Union.[2] However, the provisions of the CBA that set forth the employer's obligations regarding fringe benefit payments and payroll deductions make no distinction based on Union membership. Rather, these provisions state only that such contributions be made "for each hour worked," or "for each hour worked by bargaining unit employees covered under this agreement," or "on work covered by this Agreement." [Pls.' Exh. 1, Art. V, §§ 3, 4.] Under Seventh Circuit law, where "a CBA with X union directs that contributions to a designated fund must be made for hours worked on a job covered by the CBA, the fund can insist on payment even if the work is done by members of union X or by persons unaffiliated with any union." *Trs. of The Glaziers, Architectural Metal and Glass Workers Loc. Union No. 27 Welfare and Pension Funds v. Gibson*, 99 Fed. App'x 740, 741 (7th Cir. 2004). If, as

---

[2] The CBA expressly requires ERH Services and all its subcontractors "not to contract any work covered under the terms of this contract to be done at the site of construction except to a person, firm or corporation who is a party to a current labor agreement with the UNION." [Pls.' Exh. 1, Art. XII.] There has been no showing that any of the three subcontractors identified by the audit are parties to an agreement with the Union and the parties stipulate that none of the three is a union member. Where an employer hires a subcontractor in breach of the CBA, courts examining similar contract provisions have found that the appropriate measure of damages for such breach are the contributions and related amounts that the plaintiff would have received had the employer complied with the CBA, as such a remedy "comports with the principle that breach of contract damages should place the aggrieved party in the place he would have been had the breach not occurred." *Chicago Painters & Decorators Pension, Health & Welfare & Deferred Savings Plan Trust Funds v. Karr Brothers, Inc.*, 755 F.2d 1285, 1290 (7th Cir. 1985). *See also Sullivan v. Tag Plumbing Co.*, 2012 WL 3835526, at *6 (N.D. Ill. Sept. 4, 2012) ("Under the CBA, all subcontractors hired by the employer to perform covered work must be signatories to a CBA with the Union. If an employer hires a nonsignatory subcontractor, the employer is required to make contributions to Plaintiffs for the hours of covered work performed by the subcontractor.").

is the case here, the CBA provides that contributions are to be made for covered work, the employer "cannot avoid [its] obligations by assigning that work to nonunion members …." *Id.*

For these reasons, the Court rejects ERH Services' contention that the CBA requires contributions to be paid only for Union members. The Audit Report found that ERH Services owes contributions for 1,257.55 hours of covered work performed by the three subcontractors during the audit period. ERISA requires that employers maintain records of their employees' hours to enable the calculation of benefits due and to fulfill the employer's reporting duties. 29 U.S.C. § 1059(a)(1); *Ill. Conf. of Teamsters & Emplrs. Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1367 (7th Cir. 1995). "[O]nce a pension or welfare fund shows that an employer's records are deficient and produces an apparently sound accounting suggesting that money is owed," the employer is "obliged to explain why its payments to the fund are nonetheless proper." *Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262, 264 (7th Cir. 2003). If the employer's explanation "appears to be sufficient," the fund must demonstrate "its entitlement to additional payment." *Id.* In the absence of an adequate explanation from the employer, the fund prevails. *Id.* at 264–65.

The Court finds that Plaintiffs have established to a reasonable certainty that the Audit Report includes only hours spent by the three subcontractors performing work covered by the CBA. Plaintiffs submitted the Audit Report calculating the number of hours worked by the three subcontractors, as well as detailed affidavits and testimony explaining their auditors' methodology, the basis for the inferences drawn, and the underlying documentation upon which the auditors relied. Plaintiffs have established that ERH Services' records were deficient in that ERH Services failed to provide all documentation requested by the auditors, specifically the company's payroll report. Plaintiffs have therefore satisfied their initial burden by supplying the Audit Report,

coupled with an absence of ERH Services' records contradicting the Audit Report's calculations or conclusions.

ERH Services has failed to put forth an adequate explanation sufficient to dispute the inferences drawn by the auditors in preparing the Audit Report. Accordingly, the Court credits the Audit Report submitted by Plaintiffs. Here, Karen Whitehurst, Senior Manager at L.M. Henderson & Co., testified that Plaintiffs' auditors calculated the hours worked by each subcontractor by taking the total amount listed on each subcontractor's Form 1099, which amount is required by IRS regulations to include only services, and divided that number by the applicable wage for each subcontractor set forth in the CBA. Ms. Whitehurst further testified that the auditors had information that the subcontractors performed tile setting and drywall work, which is covered under the CBA's trade jurisdiction. Although the information provided by ERH Services did not include the geographical location of the work performed by the subcontractors, Michelle Zimmerman, Partner at L.M. Henderson & Co., testified by declaration that if the audited employer cannot produce business records demonstrating that the work falls outside the trade and territorial jurisdictions of the Union, contributions owing for that work is generally included in the payroll compliance audit report. [Filing No. 57-3 ¶ 3.] ERH Services has provided no evidence or argument that the work performed by the three subcontractors was in fact performed outside the Union's territorial jurisdiction. Accordingly, the Court concludes that the Audit Report provides a sufficient basis to support the $16,599.67 sought by Plaintiffs in unpaid contributions for their work.

ERH Services does not challenge Plaintiffs' entitlement under the CBA, Trust Agreements, Collections/Payroll Audit Policy, and Section 502(g)(2) of ERISA to liquidated damages, interest, and audit fees and the amounts requested by Plaintiffs are supported by detailed affidavits and the

documentary evidence before the Court. Plaintiffs are also entitled under the CBA, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. § 1132(g)(2)(D) to their reasonable attorney fees and costs associated with the collection of the delinquent contributions. Accordingly, the Court recommends that Plaintiffs be given leave to petition the Court for their attorney fees and costs.

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motion for default judgment be **GRANTED** and that judgment be entered in favor of Plaintiffs and against Defendant ERH Services in the aggregate amount of $49,622.67, itemized as follows: $36,030.43 in contributions; $3,603.04 in liquidated damages; $7,489.20 in interest; $2,500.00 in audit fees; and reasonable attorney fees and costs, in an amount to be determined later.

Any objections to the Magistrate Judge's Report and Recommendation must be filed within **fourteen (14) days** of this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(1) and Federal Rule of Civil Procedure 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure. **IT IS SO RECOMMENDED.**

Date: 9/30/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

David Andrew Buls
Krieg DeVault LLP
dbuls@kdlegal.com

Chloe Nicole Craft
Krieg DeVault
ccraft@kdlegal.com

Adam York Decker
Johnson & Krol, LLC
decker@johnsonkrol.com

Joseph E. Mallon
Johnson and Krol, LLC
mallon@johnsonkrol.com